UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

FRITZ G. BLUMENBERG,

                    Petitioner,          05 Civ. 9416 (JGK)
                                         01 Cr. 571 (JGK)
          - against -
                                         MEMORANDUM OPINION
UNITED STATES OF AMERICA,                AND ORDER

                    Respondent.
────────────────────────────────

JOHN G. KOELTL, District Judge:

     Fritz Blumenberg ("the petitioner"), appearing pro se,

moves for a writ of audita querela, seeking to vacate his

conviction and sentence.  The petitioner was convicted pursuant

to his plea of guilty to one count of conspiracy to commit wire

fraud and mail fraud, in violation of 18 U.S.C. § 371; one count

of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; one

count of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2;

and two counts of filing false tax returns, in violation of 26

U.S.C. § 7201.  He was sentenced principally to 30 months

imprisonment to run concurrently on all counts and has been

removed from the United States after the service of his

sentence.


                              I

     The Court of Appeals for the Second Circuit affirmed the

petitioner's sentence on May 13, 2004.  United States v.

1

Blumenberg, 96 F. App'x 776 (2d Cir. 2004).  On August 16, 2005, the petitioner filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel.  Blumenberg v. United States, Nos. 05 Civ. 9416, 01 Cr. 571, 2008 WL 1944012, at *1 (S.D.N.Y. Apr. 30, 2008).  The petitioner subsequently filed a motion for a writ of error coram nobis dated December 16, 2005, seeking to vacate his conviction, and further served a document entitled "Mandatory Judicial Notice" dated April 8, 2006.  Id.  The Court issued an Order dated April 19, 2006, in which it indicated that the subsequent filings would be treated as amendments to the petitioner's § 2255 motion.  Id.

In his ultimate amended § 2255 motion, the petitioner alleged several causes of action, including: (1) claims that his conviction and sentence should be overturned due to ineffective assistance of counsel; (2) a claim that his plea should be vacated because the Government allegedly failed to disclose a 1996 audit of Burda Media, in alleged violation of its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963); and (3) two bail applications.  The petitioner also contended that he had satisfied his restitution obligations.  Blumenberg, 2008 WL 1944012, at *1-8.  Specifically, the petitioner's claims alleging ineffective assistance of counsel asserted that his trial counsel (1) failed to advise him of the immigration

consequences of his plea and misrepresented the possible deportation consequences of that plea; (2) failed to engage an independent psychiatric expert to argue his diminished mental capacity; (3) failed to seek a competency hearing prior to his guilty plea in the face of the fact that the petitioner was taking psychotropic drugs; (4) failed to object to the Sentencing Guidelines calculations contained in the Pre-Sentencing Report (the "PSR") concerning the aggregate loss figure attributable to the offense conduct; and (5) failed to raise the Government's alleged violation of Article 36 of the Vienna Convention on Consular Relations art. 36, ¶ 1, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261 as a mitigating factor in sentencing.  Id. at *3-6.

On April 30, 2008, the Court denied the petitioner's claims in his § 2255 motion, as amended by his motion for a writ of error coram nobis and his "Mandatory Judicial Notice," holding that they were untimely, and, in any event, were without merit. Blumenberg, 2008 WL 1944012, at *2, *8.  The Court referred the issue of the current balance of restitution to Magistrate Judge Pitman.  Id. at *8.  This motion followed.

In his motion for a writ of audita querela, the petitioner seeks to withdraw his guilty plea and vacate his conviction and sentence.  He contends that he was not informed of the fact that, after deportation, he would not be entitled to social

3

security benefits.  (Pet'r's "Notice and Motion to Withdraw a
Plea of Guilty and for Remedial in a Writ of Audita Querela"
(the "Pet'r's Mot.") 2-4.)  The petitioner makes other general
claims, including an allegation that his trial counsel provided
ineffective assistance in his plea allocution and a challenge to
the Court's subject matter jurisdiction, arguing he is only
guilty of "a potential N[ew] Y[ork] state tort law breach."
(Pet'r's Mot. 4.)

## II

### A

The writ of audita querela is an "ancient" common law writ,
Triestman v. United States, 124 F.3d 361, 380 n.24 (2d Cir.
1997), "of a most remedial nature, and invented lest in any case
there should be an oppressive defect of justice, where a party
who has a good defence is too late in making it in the ordinary
forms of law," Humphreys v. Leggett, 50 U.S. 297, 313 (1850).
Although the writ of audita querela "has been abolished with
respect to civil cases," United States v. Richter, 510 F.3d 103,
104 (2d Cir. 2007) (per curiam) (citing Fed. R. Civ. P. 60(b)),
it "remains available in limited circumstances with respect to
criminal convictions . . . Specifically, it 'is probably
available where there is a legal, as contrasted with an
equitable, objection to a conviction that has arisen subsequent

4

to the conviction and that is not redressable pursuant to another post-conviction remedy,'" Richter, 510 F.3d at 104 (quoting United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995)).  The availability of the writ is "very limited," LaPlante, 57 F.3d at 253, and "survive[s] only to the extent that [it] fill[s] gaps in the current system of post-conviction relief," United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001).  Indeed, "few courts ever have agreed as to what circumstances would justify relief under [audita querela]," Klapprott v. United States, 335 U.S. 601, 614 (1949), and it is granted only "if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues," Richter, 510 F.3d at 104.

The petitioner argues that the alleged failure by the Court and his trial counsel to inform him of the social security consequences of his plea and subsequent conviction renders his plea involuntary and mandates vacatur of his sentence and conviction.  (Pet'r's Mot. 3-4.)  This claim is nearly identical to several the petitioner raised in his § 2255 motion, in which the petitioner alleged that his trial counsel provided ineffective assistance in connection with advice concerning the possible immigration consequences of his plea and subsequent conviction.  These claims were ultimately rejected by the Court. Blumenberg, 2008 WL 1944012, at *3.  Renewing this collateral

attack via a writ of audita querela is impermissible, because
these revived claims should have been included with his § 2255
motion.  A writ of audita querela is only granted when no other
post-conviction remedy is available, and the loss of benefits
following removal from the United States was an issue that the
petitioner could have challenged in a § 2255 motion.  See, e.g.,
Massaro v. United States, 538 U.S. 500, 504-05 (2003) (stating
"in most cases a motion brought under § 2255 is preferable to
direct appeal for deciding claims of ineffective assistance");
Durrani v. United States, 294 F. Supp. 2d 204, 217 (D. Conn.
2003) (holding "audita querela is not available when the relief
sought is available through another post-conviction remedy"),
aff'd on other grounds, 115 F. App'x 500 (citing United States
v. Tablie, 166 F.3d 505, 507 (2d Cir. 1999)); United States v.
Logan, F. Supp. 2d 691, 694 (W.D. Mich. 1998) (stating where
"claims could have been pursued in a § 2255 motion, they cannot
come through the audita querela backdoor").

**B**

In any event, the petitioner's claim lacks merit.  Claims
alleging ineffective assistance of counsel are evaluated under
the two-part test set forth in Strickland v. Washington, 466
U.S. 668 (1984).  To prevail on such claims, the petitioner must
show both (1) that his counsel's performance was so deficient
that it was objectively unreasonable under professional

standards prevailing at the time; and (2) that counsel's deficient performance was prejudicial to the petitioner's case. Strickland, 466 U.S. at 687; see also Gersten v. Senkowski, 426 F.3d 588, 607 (2d Cir. 2005).  Self-serving conclusory allegations made by the petitioner to this effect are insufficient to establish ineffective assistance of counsel. See United States v. Torres, 129 F.3d 710, 715-17 (2d Cir. 1997).

The petitioner cannot meet the first prong of the Strickland test merely by showing that his counsel employed poor strategy or made a wrong decision; instead, the petitioner must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  Lanfranco v. Murray, 313 F.3d 112, 118 (2d Cir. 2002) (quoting Strickland, 466 U.S. at 687); see also Hernandez v. United States, 280 F. Supp. 2d 118, 122 (S.D.N.Y. 2003).  There is a "strong presumption" that the defense counsel's conduct fell within the broad spectrum of reasonable professional assistance, and the petitioner has the burden of proving "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy."  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (citing Strickland, 466 U.S. at 688-89).

To satisfy the second prong of <u>Strickland</u>, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.

The petitioner alleges that his trial counsel's failure to notify him of the loss of benefits resulting from his removal from the United States constituted ineffective assistance of counsel.  He also asserts the Court should have advised him of this consequence.  The denial of social security benefits was required as a result of the defendant's removal from the United States.  42 U.S.C. § 402(n).  There is no authority for the proposition that a court is required to detail the consequences of removal from the United States that follows a conviction.  Indeed, the Court of Appeals for the Second Circuit has never held that failure to advise of deportation consequences following a guilty plea is a sufficient basis to withdraw a plea, although it has held that an affirmative misrepresentation about deportation consequences may be ineffective assistance of counsel.  <u>See, e.g.</u>, <u>United States v. Couto</u>, 311 F.3d 179, 187 (2d Cir. 2002); <u>Tam v. Dep't of Homeland Sec.</u>, Nos. 04 Cr. 109S, 05 Civ. 202S, 2006 WL 1389758, at *6 (W.D.N.Y. May 17, 2006).

There is no allegation of false representation with respect to the loss of social security benefits, and this Court has already found that the record refutes any suggestion that the defendant was misled about the immigration consequences of his plea.  Blumenberg, 2008 WL 1944012, at *3.  Moreover, the record reflects that the petitioner's trial counsel raised the issue of "unspecified collateral consequences" from deportation in his letter requesting a downward departure from the Sentencing Guidelines.  (Janis M. Echenberg June 26, 2009 Letter, Ex. B at 8, 12.)  The trial counsel also discussed the petitioner's possible deportation at the sentencing hearing.  (Echenberg Letter, Ex. C at 4.)  The petitioner himself was aware that he would probably be deported (Echenberg Letter, Ex. C at 7), and that he likely faced substantial economic deprivation as a result of his plea and conviction (Echenberg Letter, Ex. C at 7.)

The petitioner's claim requesting vacatur of his conviction and sentence on the basis of ineffective assistance of counsel is without merit and is therefore denied.

C

The petitioner makes further claims about the substance of the charges against him and alleges ineffective assistance of counsel in his plea hearing.  All of these claims should have been raised on direct appeal or in the petitioner's § 2255

9

motion.  Specifically, the petitioner claims that the Court
lacked "subjectam" jurisdiction because (1) the conspiracy
charge against him was improperly alleged; (2) the wire and mail
fraud charges had no jurisdictional basis; and (3) the charges
of filing false tax returns had no basis because the tax returns
the petitioner filed were, he contends, correct.

In his claim that the Court lacks "subjectam" jurisdiction,
the petitioner asserts that if he is in fact guilty of anything,
it is breach of fiduciary duty under New York State tort law,
and not the federal offenses of which he was convicted.  The
Court liberally construes the petitioner's claim to be one
alleging that the Court lacks subject matter jurisdiction over
the case and thus had no authority to adjudicate the case
pursuant to Article III.  However, it is plain that the
petitioner's argument is frivolous.  The Court had jurisdiction
over the action because the petitioner was charged with
violating federal statutes, and the case arose under the laws of
the United States.  U.S. Const. art. III, § 2.

Moreover, the claims the petitioner raises in this attempt
to renew a collateral attack of his conviction and sentence
provide no basis for relief because they should have been raised
on direct appeal or in his § 2255 motion.  The petitioner makes
no attempt to explain why he failed to include these claims in
his previous filings and the claims provide no basis for a writ

of audita querela.   See Durrani, 294 F. Supp. 2d at 217.

Accordingly, the petitioner's claims are denied.

## CONCLUSION

For the reasons explained above, the petitioner's motion

seeking a writ of audita querela is **denied**.   The Clerk is

directed to enter judgment dismissing the petition and closing

this case.

**SO ORDERED.**

Dated:     New York, New York
           October 26, 2009

                                          John G. Koeltl
                                  United States District Judge

11